IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOSEPH PIOTROWSKI,

    Petitioner,

v.                                  CASE NO. 1:13-cv-186-MP-GRJ

UNITED STATES OF AMERICA, et al.

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and is proceeding pursuant to an Amended Petition, Doc. 7. A review of the Amended Petition reflects that Petitioner fails to meet the threshold custody requirement necessary to entertain a § 2241 petition and seeks other relief that is unavailable in this Court. Because it "plainly appears from the petition . . . that petitioner is not entitled to relief," the undersigned recommends that this case be dismissed. Habeas Rule 4.

Petitioner is an inmate presently confined at Cross City C.I. pursuant to Hillsborough County convictions of DUI manslaughter and negligent vehicular homicide. The offenses occurred in April 2001. In August 2001, Petitioner pleaded guilty to involuntary manslaughter, conduct unbecoming an officer, reckless endangerment, and DUI (three charges) in a military court martial, and he was sentenced to 13-1/2 years imprisonment and dishonorable discharge. *See Piotrowski v. Commandant, USDB*, Case No. 08-3143-RDR, Doc. 26, 2009 WL 5171780 (D. Kan. 12/22/09) (summarizing Petitioner's conviction history, dismissing unexhausted claims without prejudice, and

denying previous § 2241 petition). Petitioner unsuccessfully appealed his convictions and sentences to the Army Court of Criminal Appeals (ACCA) and the Court of Appeals for the Armed Forces (CAAF). *Piotrowski*, 2009 WL 5171780 *2.

In May 2003, while serving his military sentence at the United States Disciplinary Barracks in Fort Leavenworth, Kansas, Petitioner was transferred to Hillsborough County for trial on the state charges. He was found guilty and was sentenced to two 15–year consecutive sentences, with the total thirty-year term to run concurrently with his military sentence. *Piotrowski*, 2009 WL 5171780 *2.

Petitioner concluded his military confinement in July 2008, and was transferred to Florida for service of the remainder of his state sentence. *See Piotrowski v. Commandant, USDB*, Case No. 08-3143-RDR, Doc. 11 (noting Petitioner' motion to change venue due to completion of his military confinement). Petitioner is presently pursuing habeas corpus relief from his state sentences under 28 U.S.C § 2254 in the Middle District of Florida. *See Piotrowski v. Secretary*, Case No. 8:12-cv-2290-SDM-AEP (M.D. Fla.).

Petitioner filed the instant § 2241 Petition on September 26, 2013. Petitioner raises the following grounds for relief: (1) one of the court-martial DUI convictions had previously been prosecuted in a civilian State court, and his subsequent court-martial conviction for the same offense violated Double Jeopardy; (2) the military violated due process and equal protection rights in denying Petitioner retirement pay and benefits, and such violations should nullify his court-martial proceeding; (3) his court-martial plea agreement should be declared null and void and his plea improvident because his

subsequent Florida prosecution violated the terms of the plea agreement; (4) the military judge erred by denying a defense motion to dismiss one of the specifications based on preemption; (5) the military prosecutor engaged in misconduct because he developed a personal relationship with Petitioner's ex-wife; (6) Petitioner's court-martial sentence was inappropriately severe since he also faces the loss of retirement benefits; (7) he was denied the effective assistance of counsel in the court martial; and (8) the military courts failed to fully and fairly review a claim of newly-discovered evidence. For relief, Petitioner seeks reversal of his court-martial convictions and correction of his service records. Doc. 7.

To the extent that Petitioner seeks habeas corpus relief with respect to claims that the District of Kansas rejected on the merits in the prior § 2241 proceeding, the instant petition is successive.

Further, "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner must be in custody pursuant to the conviction or sentence under attack, and is not considered in custody once that sentence has "fully expired." *Maleng*, 490 U.S. at 491-492. A person whose sentence has fully expired at the time a habeas petition is filed is not "in custody" for habeas corpus purposes even though collateral consequences flow from a prior conviction. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in

custody" for the purposes of a habeas attack upon it." *Id*. at 492. (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

In this case, as Petitioner's prior § 2241 proceeding reflects, Petitioner's court-martial sentence expired in July 2008. While Petitioner is plainly "in custody" pursuant to his Hillsborough County sentences, and is pursuing § 2254 relief in connection with his state confinement, the expiration of his military sentence prior to filing the instant § 2241 deprives this court of habeas corpus jurisdiction. *See id*.

The Petition suggests that Petitioner is also seeking relief from his court-martial convictions by way of a writ of error coram nobis. Doc. 7. "A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief" under 28 U.S.C. § 2241. *Chaidez v. U.S.,* ___ U. S. ___, 133 S.Ct. 1103, 1106 n.1 (2013) (citing *United States v. Morgan*, 346 U.S. 502, 507, 510–511 (1954)). However, "[b]ecause coram nobis is but an extraordinary tool to correct a legal or factual error, an application for the writ is properly viewed as a belated extension of the original proceeding during which the error allegedly transpired." *U.S. v. Denedo,* 556 U.S. 904, 912-913 (2009) (citing *U.S. v. Morgan*, 346 U.S. 502, 505, n. 4 (1954) (coram nobis is "a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding.")). Thus, the proper forum for seeking coram nobis relief is in the court that had subject matter jurisdiction over the petitioner's original judgment of conviction. *Denedo*, 556 U.S. 904, 913. The U.S. military courts have the authority to issue coram nobis relief. *Id*. Because this Court did not preside

over Petitioner's court martial proceeding, the Court lacks jurisdiction to entertain a petition for coram nobis relief. *See id*.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice.

**IN CHAMBERS** this 27th day of November 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**